**DE GUANG HUANG, Petitioner,**

**v.**

Alberto GONZALES,* Respondent.

No. 04–3933–ag.

United States Court of Appeals,
Second Circuit.

July 31, 2007.

Joshua Bardavid, New York, N.Y. (Peter D. Lobel, New York, NY, on the brief), for Petitioner.

Thomas H. Dupree, Office of Immigration Litigation, Washington, DC (G.F. Peterman, III, Acting United States Attorney, Middle District of Georgia, Columbus, GA; Dean S. Daskal, Assistant United States Attorney, Columbus, GA, on the brief), for Respondent.

Present: ROSEMARY S. POOLER, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner De Guang Huang, a native and citizen of the People's Republic of China, seeks review of an order of the BIA affirming the May 1, 2003, order of Immigration Judge ("IJ") Theresa Holmes–Simmons, denying petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re De Guang Huang*, A95 864 093 (B.I.A. June 24, 2004), *aff'g* No. A95 864 093 (Immig. Ct. N.Y. City May 1, 2003). We assume the parties' familiarity with the underlying facts, prior proceedings, and specification of issues for review.

The BIA's conclusion that the IJ found Huang's asylum application to be time barred, *see* 8 U.S.C. § 1158(a)(2)(B), was a misstatement of the record and thus legal

---

* Alberto Gonzales, United States Attorney General, is substituted for his predecessor in office, John Ashcroft, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

error that we have jurisdiction to review notwithstanding 8 U.S.C. § 1158(a)(3). *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 330 (2d Cir.2006) (indicating that we have jurisdiction to review issues such as the one-year-bar determination where it is claimed that fact finding is flawed by an error of law such as a material misstatement of the record). In her oral decision, the IJ clearly denied the government's motion to pretermit, holding that Huang had "sufficiently proved that [he] entered the United States within a year of [his] filing of [his] application for asylum." Although the IJ's subsequent written decision is more confusing, the IJ noted that "the respondent has a passport which states that he was in Korea, which does resolve the issue that he was not in the United States." Further, the IJ denied Huang's application for asylum rather than pretermitting it as she would have if the one-year bar applied. Thus, the BIA improperly found that the one-year bar existed rather than reviewing for clear error the IJ's actual determination that the bar did not apply, and we must vacate the BIA's holding that the one-year bar applies. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296 (2d Cir.2006) (citing 8 C.F.R. § 1003.1(d)(3)(i), (iv) for the proposition that "[f]or appeals filed with the BIA after September 25, 2002, the BIA may only review the IJ's factual findings to determine whether they are clearly erroneous, and may not engage in fact-finding, other than taking administrative notice of commonly known facts").

The IJ did find that Huang's testimony in support of his applications for asylum, withholding of removal, and CAT relief was not credible. However, the IJ's credibility analysis contains two errors that require us to remand. First, the IJ wrongly relied on a letter from a Chinese doctor to establish that Lin's wife's hysterosalpingogram was fraudulent because the letter provided no basis for assuming that the doctor had knowledge of the practices of the Fujian Provincial Hospital. *See Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255, 268–72 (2d Cir.2006). Second, the IJ's reliance on the State Department's China Profile to find that Huang's wife's sterilization certificate was fraudulent was also error because page 24 of the Profile, to which the IJ cited, contains no discussion of sterilization certificates.

Although there were other bases for the IJ's adverse credibility finding, we cannot say with confidence that she would adhere to this finding absent the errors we have identified. Therefore, we vacate and remand for further proceedings consistent with this order. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005) (remanding because we could not determine with confidence whether the IJ would reach the same result on remand without relying on erroneous reasoning).

We therefore grant the petition for review and vacate and remand for further proceedings consistent with this order. Having completed our review, we vacate the stay previously granted to Huang.